UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS ROBERT STROBEL, | Case No. 3:23-cv-01791-MC |
|     Plaintiff, | OPINION AND ORDER |
|     v. | |
| UNITED STATES OF AMERICA; J. SALAZAR, Former Warden FCI Sheridan; D. HENDRIX, Current Warden FCI Sheridan; BUNSOLD, CMC; BILLS, Associate Warden; DEBOER, Trust Fund; JOHNSON, Education; LAWSON, SCSS; T. BAKER, Case Manager; BAUMEISTER, Case Manager; A. RODRIGUEZ, Former Counselor; CSOs MOODY & CASPERS; FSA BROOKS; PACKARD, Food Service; VANCLEAVE, Property Officer; ANGELA, C.O.; COYLE, C.O.; WHEELER, C.O.; HUERTA, C.O.; LOUGHBOM, C.O.; SELVIG, C.O.; CHAPLAIN SUH; LT. STYLES; GUERRERO and Food Service Officers; HONEYCUTT; ARENAS; DAVIS; COLLINS, individually and in their official capacities, | |
|     Defendants. | |

1 – OPINION AND ORDER

MCSHANE, Chief Judge.

Plaintiff, an adult in custody (AIC) at the United States Penitentiary in Leavenworth, Kansas (USP Leavenworth), brings this civil rights action alleging that Defendant Brooks violated his rights under the Religious Freedom Restoration Act (RFRA).[1] Brooks now moves for dismissal or for summary judgment on grounds that Plaintiff fails to state a claim for relief under RFRA and did not avail himself of available administrative remedies. Because Plaintiff failed to exhaust his administrative remedies and presents insufficient evidence to sustain his claim, Brook's motion is GRANTED.

## DISCUSSION

Plaintiff was previously housed at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan). While there, Plaintiff alleges that Brooks, a Food Services Administrator, refused to provide him with kosher meals and interfered with the exercise of his religion. Specifically, Plaintiff alleges that Brooks removed him from the kosher meal list for several days in 2022 and denied Plaintiff concessions during periods of fasting and a kosher drinking cup. Compl. ¶¶ 43, 65. Plaintiff seeks compensatory and punitive damages.[2]

Brooks now moves for dismissal, or alternatively, for summary judgment. Brooks argues that Plaintiff fails to allege or establish a substantial burden on his exercise of religion under RFRA and did not exhaust available administrative remedies before filing suit. Brooks also argues that he is entitled to qualified immunity.

---

[1] Plaintiff's claims against the other named Defendants were dismissed by the Court in a previous Order.

[2] Plaintiff also sought injunctive relief, but his transfer to USP Leavenworth renders his claim for injunctive relief moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (stating that transfer to another facility moots an AIC's claim for injunctive relief, absent a reasonable expectation of being transferred back to the original facility).

When reviewing a motion to dismiss, a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the Court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The moving party bears the burden of establishing the absence of any genuine dispute of material fact, and the Court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. Once this initial burden is met, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id*. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and quotation marks omitted).

3 – OPINION AND ORDER

A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), AICs must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Porter v.* Nussle, 534 U.S. 516, 524 (2002) (explaining that "federal prisoners suing under [federal law] must first exhaust inmate grievance procedures"). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process before filing suit. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006); *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

If the defendant shows that an AIC did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 578 U.S. 632, 642 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (citation omitted). An AIC meets this burden by showing that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless interfered with the plaintiff's attempts to exhaust or failed to follow correct grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

Exhaustion of the Bureau of Prison (BOP) Administrative Remedy Program requires the completion of four steps. *See* 28 C.F.R. § 542.10 et seq. First, an AIC must attempt informal

4 – OPINION AND ORDER

resolution with a BOP staff member by submitting a BP-8 form. *Id.* § 542.13. If the issue is not resolved, the AIC may submit a formal Administrative Remedy Request, a BP-9 form, to the Warden within "20 calendar days following the date on which the basis for the Request occurred." *Id.* § 542.14. If dissatisfied, the AIC may appeal the Warden's response by submitting a BP-10 appeal form to the appropriate BOP Regional Director "within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The AIC may file a final appeal on a BP-11 form with the BOP Central Office "within 30 calendar days of the date the Regional Director signed the response." *Id.*

Brooks presents evidence showing that Plaintiff failed to exhaust BOP administrative remedies for his religious exercise claims, aside from the claim that Brooks refused to authorize meals delivery to Plaintiff's cell during periods of fasting. *See* Rogowski Decl. ¶¶ 3, 6-10 & attached exhibits (ECF No. 17). Plaintiff responds that he exhausted the administrative process to the best of his ability and that BOP assigned different numbers to the same administrative remedy request, making it appear that he failed to complete the administrative process for several of his requests. Plaintiff's exhibits do not support his argument and fail to sustain his burden.

Exhibit 2 purports to be a BP-8 form dated November 10, 2022, seeking resolution of Plaintiff's removal from the kosher meal plan, and Exhibit 8 is a BP-9 Administrative Remedy Request dated November 29, 2022, similarly raising Plaintiff's removal from the kosher meal program. Pl.'s Response Exs. 2, 8 (ECF Nos. 21-2, 21-8). Exhibit 9 is an unsigned, handwritten "appeal to BP-9," dated "23rd day of January," that again complains about Plaintiff's removal from the kosher meal program. *Id.* Ex. 9 (ECF No. 21-9). This exhibit does not reference the BP-9 response (or lack of response) Plaintiff is appealing or when the BP-9 was submitted. Similarly, Exhibit 10 is a handwritten note labeled "BP-11" dated March 2, 2023, complaining

5 – OPINION AND ORDER

that Brooks improperly removed Plaintiff from the kosher meal program. *Id.* Ex. 10 (ECF No. 21-10). None of these documents have case numbers or acknowledgement of receipt by BOP, and Plaintiff's handwritten complaints do not comply with the BOP administrative process. *Id.; see* Rogowski Decl. ¶ 10 & Ex. 1. Plaintiff thus fails to present plausible evidence that he exhausted his administrative remedies regarding his temporary removal from the religious diet program.

Plaintiff also submits Exhibit 7, which is a BP-10 appeal dated January 21, 2022 that complains Plaintiff was provided with three "cold" kosher meals per day and occasionally given non-kosher or halal food. Pl.'s Response Ex. 7 (ECF No. 21-7). Plaintiff submitted this BP-10 "directly to Regional" before completing the initial two steps of the administrative remedy process, because Plaintiff claimed that his grievance was "sensitive." *Id.* BOP rejected the BP-10 on March 3, 2022 and advised Plaintiff to "file a request or appeal at the appropriate level via regular procedures." *Id.* Accordingly, Plaintiff did not complete the four-step administrative process and failed to exhaust his administrative remedies with respect to this claim.

Plaintiff also presents exhibits relating to a BP-9 request complaining that Plaintiff was not fed in accordance with a "national menu" and "kosher guidelines." Pl.'s Response Ex. 11 (ECF No. 21-11). Exhibit 11 is an Inmate Request form dated June 29, 2022 inquiring about the BP-9 submitted on "6-1-22." *Id.* A BOP staff member responded on July 5, 2022 and informed Plaintiff that the BP-9 was "still being investigated." *Id.* Exhibit 12 purports to be a BP-10 appeal dated July 21, 2022, stating that Plaintiff is appealing "because staff have not responded to BP-9 by the time they were allotted." *Id.* Ex. 12 (ECF No. 21-12). Exhibit 12 complains that "food service staff have not been following the National Kosher Menu" and have pressured him to eat non-kosher foods. *Id.* Similarly, Exhibit 13 purports to be a BP-11 appeal dated November 5,

6 – OPINION AND ORDER

2022, referencing a BP-10 Plaintiff "filed over two months ago." *Id.* Ex. 13 (ECF No. 21-13). The BP-11 complains that FCI Sheridan staff "continue to try to force me to take food that is not kosher." *Id.* Exhibits 12 and 13 are not signed or otherwise acknowledged as received by BOP, and Plaintiff fails to show that Exhibits 12 and 13 pertained to the same BP-9 request and complied with the BOP administrative process.

In sum, Plaintiff fails to show that he exhausted his administrative remedies, aside from the claim that FCI Sheridan officials failed to deliver meals to his cell during religious fasts.

B. Substantial Burden on Plaintiff's Exercise of Religion

Even if Plaintiff had exhausted the BOP administrative remedy process for all claims, he fails to allege or present evidence to sustain a RFRA claim against Brooks.

RFRA prohibits the government from "substantially burden[ing] a person's exercise of religion," unless the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a)-(b). "Under RFRA, a 'substantial burden' is imposed . . . when individuals are forced to choose between following the tenets of their religion and receiving a governmental benefit . . . or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1069-70 (9th Cir. 2008) (en banc); *see also Apache Stronghold v. United States*, 101 F.4th 1036, 1043 (9th Cir. 2024) (overruling *Navajo Nation* in part and holding that a "substantial burden" may include "preventing access to religious exercise"). "A person whose exercise of religion has been unlawfully burdened may 'obtain appropriate relief against a government'" or government official, including money damages. *Tanzin v. Tanvir*, 592 U.S. 43, 46-47 (2020) (quoting 42 U.S.C. § 2000bb–1(c)).

7 – OPINION AND ORDER

Plaintiff fails to allege or present evidence of a substantial burden imposed by Brooks. According to documents attached to his Complaint, on November 10, 2022, Plaintiff was removed from FCI Sheridan's religious diet program after he purchased non-kosher food items from the commissary. Compl. at 231; Pl.'s Response Ex. 6. Plaintiff's removal was consistent with relevant BOP policy providing that AICs "who purchase and/or consume non-certified foods from the commissary may [] be temporarily removed from the dietary" program. *See* BOP Program Statement 5360.10 at 18. The following day, Plaintiff wrote the FCI Sheridan Chaplain, promising not to purchase non-kosher food and asking to be reauthorized for the kosher meal plan, and Plaintiff received kosher meals again on November 15, 2022. Compl. ¶ 32; Pl.'s Response Ex. 6.

Plaintiff does not explain how a short, temporary removal from the kosher food program imposed a substantial burden on his religious practices, particularly when Plaintiff does not allege or present evidence that he was prevented from purchasing kosher foods from the commissary. *See Dudley v. Maclaren*, 2020 WL 7191335, at *5 (D. Ariz. Dec. 7, 2020) (finding no substantial burden resulting from a nine-day delay between an AIC's request and placement on Ramadan list); *Davitashvili v. Schomig,* 2012 WL 12767, *11 (D. Ariz. Jan. 4, 2012) (finding that the failure to provide kosher meals for five days was not a substantial burden because it was a "short-term interference" and "after initially being served an improper meal, [the plaintiff] was given an acceptable kosher dinner"); *see also Barnes v. Furman*, 629 Fed. App'x 52, 54-55 (2d Cir. Oct. 22, 2015) (holding that a prison official "was not unreasonable" in denying a prisoner kosher meals "because he was registered as Hebrew Israelite in accordance with the prison policy limiting kosher meals to Jewish inmates") (summary order). Although Plaintiff claims that he endured six days of "starvation," documents attached to his response reveal that he went on a

"hunger strike" to protest being removed from the religious diet program after he purchased non-kosher food items. Pl.'s Response Ex. 2.

Plaintiff also alleges that Brooks refused to authorize the delivery of cold meals to Plaintiff's cell during periods of fasting and failed to provide him with "food for fast" on May 13, 2022. Compl. ¶¶ 43, 65. However, Plaintiff does not allege that Brooks prevented him from obtaining meals through other means during fasting periods, and Plaintiff fails to show how the alleged refusal to deliver meals directly to his cell imposed a substantial burden on his religious practices. *See Howard v. Skolnik*, 372 Fed. App'x 781, 782 (9th Cir. March 30, 2010) (finding that interference with an AIC's fasting on two occasions did not pose a substantial burden to the AIC's religious practice).

Next, Plaintiff alleges that Brooks attempted to give him halal rather than kosher meat on May 21, 2022. Compl. ¶ 65. However, Plaintiff does not allege that Brooks forced him to eat halal meat, contrary to his religious practices, or that Brooks denied him other food items. *See, e.g.*, *Williams v. Conway*, 2022 WL 3018143, at *4 (N.D. Cal. July 29, 2022) (finding that religious meals lacking a "main course" did not substantially burden an AIC's practice of religion).

Finally, Plaintiff alleges that Brooks denied Plaintiff "a kosher vessel to drink from" while he was on duty as a "common fare worker." Compl. ¶ 65. BOP policy provides that AIC's who observe kosher and halal practices may receive single-use cups. *See* BOP Program Statement 4700.06 at 23. Plaintiff does not allege that Brooks denied him access to single-use cups or otherwise compelled Plaintiff to compromise a religious practice.

In sum, Plaintiff fail to allege facts or present evidence plausibly suggesting that Brooks substantially burdened his exercise of religion, and he fails to sustain a claim under RFRA.

CONCLUSION

Defendants' Motion to Dismiss and for Summary Judgment (ECF No. 16) is GRANTED and this action is DISMISSED. Any appeal from this Order or the Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is REVOKED. IT IS SO ORDERED.

DATED this 6th day of February, 2025.

                                              s/Michael J. McShane
                                              MICHAEL J. MCSHANE
                                              United States District Judge